**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| AUBREY HAMMOND,<br><br>          Plaintiff,<br><br>vs.<br><br>USAA FEDERAL SAVINGS BANK,<br><br>          Defendant. | **Case No. 3:20-cv-737**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>     1.  TCPA, 47 U.S.C. § 227 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Aubrey Hammond ("Plaintiff"), through her attorneys, alleges the following against USAA Federal Savings Bank ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. The Plaintiff suffered varying harms that the TCPA was created to address, including disturbing her quiet enjoyment, peace and tranquility, creating a nuisance, invading her privacy-intrusion upon seclusion, as derived from § 652B of

the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

5. Defendants transact business in this District and Division, including through physical presence, thus personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Chesterfield County, Virginia.

7. Defendant USAA is a full service retail bank, that among other things, is engaged in the business of offering credit cards, making consumer and real estate loans, and offers a full range of trust and deposit products. Its principal place of business located in San Antonio, Texas. It can be served with process at 9800 Fredericksburg Rd, San Antonio, TX 78288.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In December of 2019 Plaintiff's hours at work were reduced to only a few hours a week, which forced her to seek new employment. While looking for a new job, Plaintiff fell behind on her monthly financial obligations, specifically her USAA credit card account ("Account").

10. Upon information and belief, after Plaintiff fell behind on the Account, the interest rate increased and late payments were added to the account balance, making it even more difficult to make the monthly payment.

11. In late January 2020, Plaintiff eventually found a new job working the night shift as a hotel receptionist.

12. In addition to working a shift that is both physically and mentally stressful, Plaintiff cares for her sick parents, assisting them with their daily chores and regularly running errands for them.

13. As a result of Plaintiff missing payments on the Account, Defendant began its campaign of harassing calls to her cellular telephone.

14. In or around May of 2019, Defendant began placing calls to Plaintiff's cellular phone number ending in 0260, in an attempt to collect an alleged debt.

15. The calls placed by Defendant originated from the following number: (800) 531-8722.

16. On or about June 1, 2020 at 1:48 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (800) 531-8722.

17. Defendant informed Plaintiff that it was attempting to collect a debt relating to her USAA account.

18. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

19. Defendant's calls continued nearly every day until August 10, 2020.

20. Between June 1, 2020 and July 31, 2020, Defendant called Plaintiff no less than one hundred and thirty (130) times.

21. Defendant called Plaintiff nearly called everyday over the course of two (2) months four (4) times a day.

22. Many times, when Plaintiff answered calls from Defendant, there was a pre-recorded message or no person on the phone.

23. Upon information and belief, Defendant would call Plaintiff's family and/or friends to embarrass Plaintiff and induce her to make a payment on the Account.

24. Defendant's daily calls to Plaintiff's cellular phone constantly woke her up while she attempted to sleep after working her night shift at the hotel.

25. The incessant calls were a constant reminder of her financial situation, exacerbating Plaintiff's stress and anxiety.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, physical, emotional, and mental pain and anguish.

## COUNT I
### Defendant's Violations of the TCPA, 47 U.S.C. § 227

27. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-six (26) as though set forth at length herein.

28. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's

cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

29. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)

30. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite requests for the calls to cease.

   b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

   c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of Defendant's violations, Plaintiff suffered invasion of her privacy, intrusion upon her seclusion, her right to quiet enjoyment and peace was

disturbed.

32. Plaintiff suffered emotional distress, mental and physical injuries as a result of emotional distress caused by Defendant's incessant harassment by unwanted, auto-dialed telephone calls against Plaintiff's express revocation of consent and instructions to not call.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Aubrey Hammond, respectfully requests judgment be entered against Defendant USAA Federal Savings Bank, for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

D. Any other relief that the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Aubrey Hammond,

By: _____/s/_____
Susan Mary Rotkis
VSB 40693
PRICE LAW GROUP APC

382 S. Convent Ave.
Tucson, AZ 85716
T: (818) 600-5506
E: susan@pricelawgroup.com
*Attorneys for Plaintiff*
*Aubrey Hammond*